IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAM THUY LE, | ) | Case No. 3:25-cv-323 |
| | ) | |
| Petitioner, | ) | JUDGE STEPHANIE L. HAINES |
| | ) | |
| v. | ) | |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O."), a petitioner must show that: (1) she is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *See Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (explaining that the first two factors are necessary preconditions to preliminary equitable relief); *see also Alduaij v. Noem*, No. 2:25-CV-538, 2025 WL 1180743 (W.D. Pa. Apr. 23, 2025).

Here, upon review of Petitioner Tam Thuy Le's ("Petitioner") Motion for a Temporary Restraining Order and Preliminary Injunction (P.I.) (ECF No. 7), the Court finds that she has failed to successfully show the presence of either of the two necessary gateway factors for obtaining a T.R.O. or a P.I.[1] Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion at ECF No. 7 is **DENIED** insofar that it seeks relief via a temporary restraining order or a preliminary injunction.

---

[1] By way of brief explanation, Petitioner represents that, on January 5, 1996, she was convicted of third-degree murder and criminal conspiracy and later she plead guilty to aggravated arson. ECF No. 7-1, p. 2. On April 26, 1996, Petitioner was issued a final Order of Removal. ECF No. 7-1, p. 2. She was detained by legacy INS from May 10, 1999, to March 22, 2001. ECF No. 7-1, p. 3. Petitioner was released on an Order of Supervision (OSUP). ECF No. 7-1, p. 3. On August 18, 2025, Petitioner filed a Motion to Reopen and Remand and a Motion to Stay at the Board of Immigration Appeals ("BIA"). These Motions are pending. Petitioner was detained on August 19, 2025, during an U.S. Immigration & Customs Enforcement ("ICE") scheduled, routine appointment. ECF No. 7-1, p. 3.

Petitioner argues that she faces imminent and irreparable harm because she faces prolonged immigration detention and deportation. ECF No. 7-1, p. 4. She has been detained for 78 days. ECF No. 7-1, p. 4. Petitioner requests the Court grant a temporary restraining order to (i) enjoin Respondents from unlawfully detaining Petitioner because her removal is not reasonably foreseeable, (ii) refrain from redetaining Petitioner unless this court first holds a hearing and makes factual findings as to whether her redetention is warranted, (iii) require Respondents to inform Petitioner of their intention to remove her to a third country, and (iv) provide Petitioner the opportunity to present a fear based claim to an Immigration Judge before DHS removes her to a third country. ECF No. 7-1, p. 4. Petitioner has not shown irreparable harm; she has not provided facts to support prolonged detention or imminent deportation. Petitioner stated that she has been detained for less than 3 months and has been asked to complete travel paperwork three times. In addition, the remedies she requests are not within the purview of a temporary restraining order or preliminary injunction.

As the Third Circuit has explained:

> Detentions authorized by § 1231(a) are governed by the structure laid out by the Supreme Court in *Zavydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* holds that the Government may not detain an alien who has been ordered removed for a period longer than "reasonably necessary to bring about an alien's removal[.]" *Id.* at 689. *Zadvydas* also established a "presumptively reasonable" removal period of six months. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing ... [A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

*Jackson v. Att'y Gen. U.S.*, 663 F. App'x 245, 247 (3d Cir. 2016) (cleaned up).

When the Court considers the 78-day detention period, as well as Petitioner's other arguments, ECF No. 7-1, the Court finds that she has failed to show a violation of the law as the Supreme Court articulated it in *Zavydas*. Accordingly, the Court holds that Petitioner has failed to show a likelihood of success on the merits. Relatedly, the Court finds that she has failed to show a risk of irreparable harm—apparently lawful detention for approximately 78 days is insufficient to meet that burden.

**IT IS FURTHER ORDERED** that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: NOVEMBER 5, 2025

**BY THE COURT**

**STEPHANIE L. HAINES**
**UNITED STATES DISTRICT JUDGE**